Good morning. My name is David Coleman. I represent the appellant, Marta Mastrangelo. I'll watch the clock, and if the court will permit, I'll try to save five minutes for rebuttal. I'd like to start off by focusing on the jury instruction issues in the case, and we essentially have, I guess, two broad challenges to the instructions. The first has to do with the intent or mens rea requirements for the offense. It's our position that the instructions were erroneous or at the very least ambiguous, impermissibly ambiguous, and in particular in this case, the jury sent a note which appeared to express some confusion as to the intent requirements. The note was the indictment repeatedly uses the word intent. Are we basing our decisions on her intent or her actions? And I think that the jury's confusion is understandable because of basically two main flaws with the mens rea instructions. The first is that the court included a knowingly instruction that the defense objected to, which said that the defendant did not have to know that she was violating the law. It's our position that after Virginia v. Black, which was the landmark 2003 Supreme Court decision, that in essence, the Supreme Court has held that a defendant has to specifically intend to communicate a threat of unlawful physical violence, demonstrating that a defendant was. What do you think she did? I mean, she put rat poison in a little card and had that skull and crossbones. Well, there was no. Well, and then after that, she sent him a little condolence card, you know, as if he were dead. And that's the way I looked at it. And then she sent the same thing to the State Bar with rat poison. What did you think she was doing? The defense at trial was that she was trying to communicate that he was a rat, that he was a rat lawyer, that he did not. Well, she didn't need the rat poison, did she? That was the figurative way of explaining that you're a rat. Oh, that's a good way to do it. All right. Well, she wrote him two letters initially requesting a refund, saying you took my money, you did nothing. The banks have no record of you doing anything. And at that point, the defense was that she needed to express herself even stronger, and this was her way of expressing that she was a rat, that he was a rat. The jury acquitted her on the two counts of hoaxes, of threats of anthrax or some other biological agent. So this wasn't a jury that felt that this was a slam-dunk case, that it was totally clear that she threatened his life. And she included a warning label, but the card itself didn't have a skull and crossbones. It said a note of sympathy, and on the inside it said, from someone who cares. That was it. So your first objection was to the first part of the court's instruction, where it said, first, the defendant knowingly mailed or arranged to have mailed a communication address to Alan Tajar. Right? That's your knowing argument. Well, the knowing argument actually is a little bit later in the instruction, where... What's wrong with knowingly there? Nothing. Nothing, right? Right. Right? Okay. And the second part of that is, second, the defendant intended to communicate a threat. What's wrong with that? So far, we're good. Okay. The next part is the communication is a threat if, under the circumstances, a reasonable person would foresee that the communication would be interpreted by a recipient as an expression of intent to injure. What's wrong with that? We think there are two problems with that. All right. Okay. The first problem is, at the end there, an intent to injure. It doesn't specify physical injury. The second problem is that the way these instructions are written, it loops the specific subjective intent requirement into a reasonable person's standard. How does it do that? I tried to work through that argument. I didn't quite follow it. So take me through it step by step. All right. Well, I believe it's confusing, which is what I think the jury was expressing. It says the defendant intended to communicate a threat. But that immediately says that something is a threat if a reasonable person would foresee. So this is the defendant. Therefore, the court had to explain to the jury what a threat is, or how to define a threat, or how to determine a threat had been made. I agree. I just think the way it did it was. So really what you're complaining about is the way in which the formulation of the instruction. Yes. When you combine that, that part, when you combine it with later, with the instruction that the government is not required to prove that the defendant knew that her acts or omissions were unlawful. And that's what the. Let me ask you a question about that, because I'm not sure I understand your position. Are you contending that she must have understood that it violated a specific statute, or that she just must have understood that what she was doing, that the elements of what she was doing were there? In other words, if I communicate a threat to kill someone, I violated the statute even if I don't know there's a law against it, right? If you. I'm sorry. If you threaten to kill somebody and that is your true intent, your subjective intent. Right. It's not necessary that I understand that there's a specific law against it. Is that. Yes. If the act of killing is an unlawful act, meaning that you can you can threat. If you're threatening to kill somebody in self-defense, then that is not a that is not. No, but here's what I don't understand about from your brief. And maybe I'm just misreading it. You keep saying that what what Virginia Black does is require that she understand that her conduct violates the law. And I'm not sure that's what it requires. If she understood that her conduct was a threat of physical harm, just for purposes of the discussion. Does she also have to understand that there's a statute against that? No, but she does have to intend that she's not engaging in protected First Amendment activity. But what she's trying to do is threaten somebody with physical violence. That's what that's where you're losing me for a second. Let's assume that she thinks that threatening physical violence is protected First Amendment activity. And it can be in some circumstances. I understand. But let's just focus. Let's focus on a completely unprotected threat. I'm going to kill you. But she thinks it's protected by the First Amendment. Is it your contention that that gives her immunity from being prosecuted for that threat? No. But in this in this case, the three elements of the crime are instructed by the by the judge. Your contention is that somehow the instructions could have been crisper. Well, I don't think the elements of the crime were instructed by the judge. I'm looking at the instructions. They first say, first, the defendant knowingly mailed or arranged the communication containing a threat to injure. Second, the defendant intended to communicate a threat. And third, that the objective person would take it as such. Doesn't it pretty closely follow the model instructions? It does. We think that there's a problem with the model instructions. And I'm not trying to veer off the mens rea, but just for we don't think that the elements were satisfied because there was not a requirement of a threat of physical injury. And that's one of the problems. When you start to combine all the flaws in the instructions, there's no threat requirement of a threat of physical injury. Then we have these confusing mens rea instructions where we believe the subjective intent requirement is collapsed with the reasonable person standard. And then the court instructs the jury that the government is not required to prove that the defendant knew her acts or omissions were unlawful. And it's our position that in Virginia v. Black, and what this Court has interpreted Virginia v. Black to say, is that the defendant has to specifically intend to engage, to express a threat of unlawful physical violence against somebody. Right. But see, that's where you keep losing me, and I keep coming back to it. She has to specifically intend to express a threat of unlawful violence, but I'm not sure that the law requires that she know that the threat be unlawful. If she expresses a threat of unlawful violence and she does that intentionally, then where is there a requirement in the law that she know that it's unlawful? Well, she has to intend that the violence be unlawful. She has to, if she believes that what she's doing, I mean, that's like Virginia v. Black. You know, they're burning crosses. And the Supreme Court went through a long history of cross-burning and how, you know, reasonable people, and most people may view that as a threat of physical violence against somebody. But if the specific defendant does not, intends to burn a cross as an expression of political activity of some type of political thought, that's permissible. If the defendant is intending to engage in First Amendment activity not to express a threat of unlawful physical violence, then that defendant has not engaged in a true threat. So your position is, is that the first element that the judge read in the instruction, as Judge Hurwitz and I both noted, first the defendant knowingly mailed or arranged to have mailed a communication addressed to Alan Tejar, containing a threat to injure any person. That is to go up to 83 on Wednesday through the weekend, 83 on Friday, 82 on Saturday and Sunday. That doesn't contain, the jury wouldn't understand that statement. I don't believe so.   Answer the question. Particularly given the case of the case. So at trial, did counsel object to that particular formulation? No. Counsel did not. Did counsel propose his own defense instruction on the elements of the offense and how it should be presented to the jury? The defendant agreed with this portion of the instruction. The defendant did object to the knowingly instruction that was given by the court. The defendant agreed to that portion of the instruction. You mean the portion down where it says now an act is done knowingly if the defendant is aware of the act and does not act to remove it? Yeah, everything from that point down. And the government is not required to prove that the defendant knew that her actions were unlawful. That's our position. That's the real problem with that instruction. The defendant did object to that. But it's our position that, I mean, that first part of the instruction is okay with the exception of it doesn't include a physical injury. So should it say containing the threat to injure physically any person? Or, yeah, a threat to physically injure any person. And the problem in this case is that she wrote letters to him where she was saying, look, I'm referring you to the State Bar. I'm referring you to authorities for an investigation. I'm going to include you on the list of California scammers. She was making threats to him that were not simply physical threats. In fact, all of her initial threats were threats to his business or his reputation. In looking at the threat that she was prosecuted for, do we look just do we look only at this threat or do we look at it in its entire context? I think you look at its entire context. And in closing arguments... What does she say for that? Do you rely on her for that proposition? Those are my reply briefs. I mean, she's being prosecuted for sending poison through the mail. But the – I mean, the government, in closing argument, got up and said... Well, they're just giving context to her relationship with her attorney. Correct. And the jury has heard this evidence. The government sought to introduce the evidence. Then, in closing argument, the government made sort of a generalized harm theory that the sympathy card and all the circumstances show that something would harm him in the future, just leaving it generalized. And we certainly think that there's a legitimate possibility, given the acquittals on the other two counts, that the jury could have thought, well, she's trying to threaten his business. She's trying to threaten his reputation. Well, the jury could have thought a lot of things, but the instructions were correct. It's our position they weren't correct, Your Honor, respectfully. The instructions did not include a requirement of a threat of physical injury. It's our contention that the intent requirements were watered down and were not sufficient and were confusing, and the jury sent a note expressing confusion about the intent requirements. And so respectfully, you know, what the court needs to do is, I think, assess the verdicts in the case. There was a split verdict here. The jury acquitted on the other two counts. The court should assess the note that the jury sent back to the court expressing confusion about the intent requirements and then look at the general arguments and all the evidence that was presented. And I think when the court does, there is a reasonable possibility that this jury did not return a verdict by finding all the required elements under the First Amendment and under the statute for a true threat. If I recall correctly, the note referenced the indictment, correct? Yes. The note, the exact language of the note is, well, I don't want to waste time, but it says the indictment uses the word intent. Are we basing our decisions on her intent or her actions? And then the jury, and then the judge said, well, go back to the instructions and look at the instructions. I'll save the remaining time for rebuttal. Judge Ferguson, before counsel gets up, I'm hearing counsel loud and clear, but I'm having a little bit of trouble hearing you and, Judge, my colleagues on the bench. Is it because your mics just aren't being pulled up to you? My mic isn't even plugged in, so I don't know what to do. I have no idea. Nothing we say matters anyway, I understand. Well, we'd better call the technicians. May I proceed? Just keep your voice up. I mean, are you an electrician? I am not, Your Honor. All right. May it please the Court, Anthony Lewis for the United States. The evidence at trial in this case. Why don't you stop for a second? I'll move over there. There's a microphone right there. How's that? That'll make it easier. Wherever you are. All right. Now, Judge Hurwitz, can you hear me now? I can hear you better now, Judge. Okay. I got a mic. There, how's that? Loud and clear. We got it. Better see.  Okay. Thank you, Your Honor. Look, federal jury instructions are far from models. And back in 1960s, the President of the United States appointed Pat Brown to rewrite all of the federal criminal statutes so that they were clear. Did you know that? I did not know that. Senate Bill 1. Big volume. Because federal courts and the federal statutes don't make clear whether a specific intent is required. Let me ask you a question. Is bank robbery a specific intent crime? I don't recall off the top of my head, Your Honor. What? I don't recall the elements of bank robbery off the top of my head. Well, it is not a specific intent crime. Yes, Your Honor. Walter Ely decided that back in about, oh, 69 or 70. So you better go back and read those cases. I will do that, Your Honor. All right. I'm just giving you that as an example.  Yeah. In this case ---- It was an attempt to straighten it all out, but it failed. I see. In the evidence at trial in this case, what was shown was that defendant, after submitting written requests for a refund in her own name, addressed in her own handwriting, radically departed course, sent anonymously through the mail rat poison, an unidentified blue substance with a label containing grave warnings, including warnings to consult a poison control center, and that it may be harmful or fatal. Counsel, I understand that the evidence might support a conclusion that she intended physical harm. I want you to respond to your opponent's contention that the instructions don't require that. Why isn't the evidence also susceptible of a conclusion that she just intended to scare him as opposed to threaten physical harm? The evidence, first, the explicit warnings that were on the label, the torn label, contained ---- No, stop for a second. I understand that it's sufficient to support that. My question is, because the instructions don't speak of physical injury, isn't it possible that the jury thought that it was enough that she intended to cause mental distress? I believe the import of the instructions is that it did require physical injury, that the plain meaning of intent of a serious expression of intent to injure a person was a requirement that it be a physical injury. I would cite the Havelock decision in particular, where the Court in that case noted that the threat of injury or kidnap to a person are harms that can only be suffered on a natural person. And that was part of what the Court reasoned in reaching its conclusion that under 876, a threat needed to be directed to a natural person. So the plain meaning of intent of a serious expression of intent to injure a person was that it be a physical injury. Is psychological injury physical injury? A physical injury, Your Honor. A threat of injury to the person, to the person. And that language comes from the statute as well. With respect to the knowing argument raised by counsel for which defendant cites Virginia v. Black, in this Court's recent decision in Bagdasarian, where it surveyed this Court's case law on threats and interpreted Black, it held that the conclusion was a specific intent to threaten was required, not a willfulness requirement that the defendant know her conduct violate the law. I would also note that with respect to the physical requirement, that the way the government did argue this case was that it was a threat of physical harm, including on the portion of the record cited by counsel, ER 29, where the government re-referenced to the fact that this was, that Ms. Daneshvar was panicked, she was scared, she was afraid what kind of chemical it was, and she washed her hands, and that this was a reference to other anonymous mailings containing unidentified powdery substances in the mail. The jury note that was submitted by the jury with respect to the intent that was at issue, to the extent that at this point the jury's intent can be divined, it was Counts 1 and 2 that used the term intent perhaps more than it needed to for a violation of 1038 that had been alleged, and that is the most likely interpretation of what their question referred to. With respect to the sufficiency of the evidence, the fact that this was an anonymous letter, that it contained an unidentified blue powder that included a label about explicit warnings that blood transfusions may be needed, that a poison control center may need to be consulted, and that it may be harmful or fatal, that it was designed for its dramatic effect, and that the witness who opened it up was panicked and scared, all show that there was well more than sufficient evidence to sustain the jury's verdict that this was a true threat. Let me ask you something. Did you personally put together the government's instructions? I worked with counsel for defendant to jointly submit the instructions. I personally was trial counsel in the case, and I worked. Yeah. Yes, Your Honor. What was your role in preparing these instructions? I drafted the set of instructions and worked with counsel for defendant, and we jointly submitted the language that is now disputed. So my role was I both drafted and revised with counsel for defendant in the trial court. Did the judge make any changes? Can you tell us? I'm sorry. I'll just answer Your Honor's question. The judge did not make any changes to these, to the language that is disputed. Okay. Yes, Your Honor. And my question was something your opponent touched on. Tell me what portions of the instructions specifically were objected to by defense. Yes, Your Honor. First, defendant objected to the knowing instruction as it was given because defendant in the trial court argued that it would dilute the specific intent. The answer to that in which the district court relied on was that the first element of the offense required the defendant knowingly mail a communication, which was separate from the specific intent to threaten. The other objection made was to the symbolic or implied conduct instruction that followed this language that's been discussed. So I want to be clear on this because I was trying to find this out before. Was there an objection below to the absence of use of the word physical injury? No, Your Honor. And just to finish that thought, the other objection was to the symbolic or implied conduct and the district court ruled that it would be included, and neither in the trial court nor in this court does defendant argue that it is an inaccurate statement of law. It is just the manner by which the communication is made. With that, I believe I have covered the points in the government's argument, unless the panel has any more questions for the government. All right. Thank you very much. Thank you, Your Honor. I know I don't have a lot of time. The – there was no objection to the lack of the word physical. I agree on that. But there was an objection to the implied symbolic language that was in the instruction. And the problem that we have in this case is that the government fought very hard to include that language, that there could be some implied or symbolic threat, some general-type threat out there. There was no inclusion of physical injury in the instructions. And when Your Honor asked the government, you know, where in the instructions is the word physical, it's not. It's not in there at all. So when you combine that problem with the inclusion of implied symbolic language, that was objected to, and then the evidence and the arguments that were made, there's a real danger that the jury returned a verdict based on an invalid theory, which is our problem. And then finally, this is, as Judge Preggerson was asking, this is a specific intent crime. And the knowingly instruction that was given in this case is an instruction that's designed for general intent crimes. And that's the problem in this case. That's an instruction that you give for bank robbery or some other type of general intent crime. But, see, that works well in the State court. You know what is a specific intent crime, what is a general intent crime. That doesn't hold the Federal Criminal Code doesn't make that kind of a distinction. You know, it uses words like knowingly. Willfully. Knowingly, understandingly, all the rest of it. Voluntarily. And from that, if you go look at the definition of those words, you'll find a reference to intent. I agree, Your Honor. But this Court has held that this statute is a specific intent crime. Even though the language only in the statute only uses the word knowingly, this Court's precedent, as amplified by Virginia v. Black and others, has held that it is a specific intent crime. And that is why it was errored to give the knowingly instruction. And that was objected to in the district court. But wasn't the knowingly instruction only given with respect to mailing the communication? No, Your Honor. In other words, out of the instructions it says the defendant knowingly mailed the communication. And that's the last time knowingly is used in the instructions until it's defined later. Is it your contention that it's not enough that you merely knowingly mailed the communication? Well, that's correct, Your Honor. The case law is clear after Virginia v. Black that knowingly is not enough. That just because we respect the act of mailing, placing it in the mail, not the rest of it.  Is it your contention that something more than general intent is required to place the thing in the mail? Remember, it has to be done in the mails. No, Your Honor. And I don't have a problem with the first part of the knowingly instruction which says, now an act is done knowingly if the defendant is aware of his act and does not act through ignorance, mistake or accident. And if they wanted to just put that in there to define knowingly, that's fine. But the problem is that there's then a second paragraph afterwards which isn't couched in the knowingly instruction. It's just in terms of knowingly, which says the government is not required to prove that the defendant knew that her acts or omissions were unlawful. And that's what underlines the specific intent requirement. I understand your argument. Thank you, Your Honor. Thank you. This matter is submitted.
judges: Pregerson, Paez, Hurwitz